IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EARL MCCARTHY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| HBN MEDIA, INC. d/b/a ) | |
| COMMISSIONS, INC., and FNMS ) | |
| MANAGEMENT SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Earl McCarthy ("Plaintiff"), and files this Complaint against Defendants HBN Media, Inc. d/b/a Commissions, Inc. ("Defendant HBN Media") and FNMS Management Services, Inc. ("Defendant FNMS Management Services") (Defendants HBN Media and FNMS Management Services collectively referred to as "Defendants"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendants.

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant HBN Media is a Georgia corporation and resides in this district. Defendant FNMS Management Services is subject to specific jurisdiction in this Court for the claims asserted in this action. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.    Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant HBN Media from approximately November 2015 to approximately July 2016 in an inside sales position.

7.

In approximately July 2016, Defendant FNMS Management Services acquired the Defendant HBN Media business at which Plaintiff was employed.

8.

Plaintiff has remained employed by Defendant FNMS Management Services since the acquisition in the same inside sales position he held with Defendant HBN Media.

9.

Plaintiff has been an "employee" of each Defendant during the periods referenced above, as that term has been by the FLSA, 29 U.S.C. §203(e).

10.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty has been non-exempt work, specifically inside sales work.

11.

From the start of his employment in approximately November 2015 to approximately April 2017, Plaintiff was paid on a salary basis, without overtime

compensation, calculated at one and one-half times his regular rate, for the hours he worked in excess of 40 in work weeks.

12.

Defendants are "employers" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

13.

While employed by Defendants as a salaried employee, i.e. during his respective employment periods with each Defendant in which he was paid on a salary basis, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks. Plaintiff worked unpaid overtime hours during his employment with each Defendant.

14.

Defendant HBN Media is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 annually in 2015, 2016, and 2017. Defendant FNMS Management Services is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 annually in 2016 and 2017.

15.

Defendants knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

16.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

18.

Throughout Plaintiff's employment period with each Defendant in which he was paid on a salary basis, Defendants misclassified Plaintiff as exempt from overtime.

## Count I

## Violations of the Fair Labor Standards Act.

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set

forth herein.

20.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendants' violations of the FLSA were willful and in bad faith.

23.

Defendants knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

24.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the

FLSA.

## IV. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendants' violations of the FLSA were willful; and

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 19th day of February 2018.

                                    **BARRETT & FARAHANY**

                                    /s/ V. Severin Roberts
                                    V. Severin Roberts
                                    Georgia Bar No. 940504
                                    Attorney for Earl McCarthy

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com