## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereinafter, the "Agreement" or the "Settlement Agreement") is made and entered into by and between the following Parties: Earl McCarthy ("McCarthy" or "Plaintiff"), HBN Media, Inc. d/b/a Commissions, Inc. ("HBN MEDIA") and Fidelity National Management Services, LLC[1] ("FNMS") (HBN MEDIA and FNMS are collectively referred to herein as "Defendants") (collectively the "Parties").

### WITNESSETH:

WHEREAS, Plaintiff and Defendants are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, and styled *Earl McCarthy v. HBN Media, Inc. d/b/a Commissions, Inc., and FNMS Management Services, Inc.*, Civil Action No. 1:18-cv-715-WSD (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by Plaintiff on behalf of Defendants;

WHEREAS, in the Litigation, Plaintiff claims that the Defendants failed to pay overtime wages required under the Fair Labor Standards Act ("FLSA");

WHEREAS, HBN MEDIA and FNMS have denied and continue to deny any and all liability to Plaintiff on the basis of any claim raised within the Litigation;

WHEREAS, HBN MEDIA and FNMS assert that there is no factual or legal basis for the allegations raised by Plaintiff within the Litigation;

WHEREAS, the Parties hereto desire to enter into an agreement resolving and settling all claims, allegations, and causes of action asserted or which could have been asserted by Plaintiff under the FLSA against Defendants;

WHEREAS, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that HBN MEDIA or FNMS or any of their managers, members, officers, employees and/or other agents acted contrary to law or violated the rights of Plaintiff or any other person at any time;

WHEREAS, Plaintiff warrants and represents that he has not assigned any claims against Defendants that are released in this Agreement to any person or entity and that no attorneys other than V. Severin Roberts of Barrett & Farahany, LLP have a claim for attorneys' fees and/or costs arising from Plaintiff's claims released in this Agreement; and

---

[1] Within the Litigation this party is identified as FNMS Management Services, Inc.; however, the proper name for this party is Fidelity National Management Services, LLC.

**WHEREAS**, this Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims and allegations that were asserted or could have been asserted by Plaintiff under the FLSA against Defendants.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt, adequacy and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

## INCORPORATION OF RECITALS

1.

The above Recitals are incorporated herein by reference and are hereby expressly deemed to constitute substantive terms of this Agreement.

## CONSIDERATION

2.

In consideration of this Agreement and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants agree to pay a total sum of Thirty Thousand and no/100 Dollars ($30,000.00) (the "Settlement Amount"), payable as follows:

(a) A check made out to Earl McCarthy in the amount of Eight Thousand Six Hundred and Eighty Dollars ($8,680.00) less appropriate deductions as back-pay, for which an IRS Form W-2 will be issued to McCarthy;

(b) A check made out to Earl McCarthy in the amount of Eight Thousand Six Hundred and Eighty Dollars ($8,680.00) without deductions, for which an IRS Form 1099, indicating payment in "Box 3" as other income, will be issued to McCarthy;

(c) A check made out to Barrett & Farahany, LLP in the amount of Twelve Thousand Six Hundred and Forty Dollars ($12,640.00) for Plaintiff's attorneys' fees and costs of Litigation and for which an IRS Form 1099 will be issued to Barrett & Farahany, LLP.

(d) Plaintiff agrees to pay all taxes, if any, which may be deemed owing on the payments under this section. Plaintiff further agrees that he will indemnify and hold Defendants and their related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to Plaintiff's tax treatment of any amounts paid to them.

(e) Plaintiff represents and warrants that V. Severin Roberts and the firm Barrett & Farahany, LLP are and have been the sole attorneys for him with respect to the Litigation and all

2

claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and, that all legal fees, costs, and/or expenses for which Defendants could be liable in connection with the Litigation are discharged.

(f) Defendants shall transmit the above-described settlement checks to Plaintiff's counsel within ten (10) business days of the Court's approval of this Agreement.

Plaintiff and his attorneys shall be required to provide completed IRS Form W-9s prior to any payment described herein shall be paid thereto. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses set forth in the Litigation. Except as is expressly provided for within this Settlement Agreement, the Parties shall bear their own costs with respect to the Litigation, including attorneys' fees and costs and all out-of-pocket expenses.

## RELEASE AND WAIVER OF FLSA CLAIMS

3.

In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, his agents, heirs, assigns, executors, and administrators fully and absolutely RELEASE AND FOREVER DISCHARGE Defendants, and each of their present and former parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns, as well as their present and former directors, officers, employees, agents, insurers, shareholders, attorneys, partners, managers, and representatives (whether in their corporate or individual capacities), and all persons acting by, through, under or in concert with any of them, whether past, present or future (collectively "Released Parties"), from any and all FLSA allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation and which are based on, related to, or arise from the alleged failure by Defendants to properly compensate Plaintiff for all hours worked under the FLSA. This release specifically includes all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as well as all other federal, state, local, statutory or common laws relating to the alleged failure by Defendants to compensate Plaintiff for all time worked.

## COURT APPROVAL

4.

All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining Court approval in accordance with the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq*. After the Court approves the settlement of this Litigation, Defendants will transmit the payments required under paragraphs 2(a) through (c) to Plaintiff's counsel within ten (10) business days. If the District Court does not approve this Agreement, it shall be void *ab initio*.

## DISMISSAL OF ACTION

5.

(a)   Upon judicial approval of the Agreement and Plaintiff's receipt of the payments required under paragraph 2(a) through (c), the Parties, through their counsel of record, agree to fully execute and file a Stipulation of Dismissal with Prejudice with the Court. Additionally, Plaintiff agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action.

(b)   Plaintiff represents that as of the date that the Plaintiff signs this Agreement, he has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Litigation. Plaintiff agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties. Plaintiff further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement.

## CONFIDENTIALITY

6.

Plaintiff agrees that the terms of this Agreement shall be kept absolutely and forever confidential. To this end, Plaintiff agrees not to disclose any information about the terms of the settlement memorialized by this Agreement to any person or entity and further agrees that Plaintiff will not discuss, publish, or disseminate any written material relating to this Agreement or its terms, unless compelled to do so by a court of competent jurisdiction, except that Plaintiff may disclose the terms of the Agreement to the United States District Court for the Northern District of Georgia, Atlanta Division in relation to the Parties' joint motion for approval of settlement, as discussed under paragraph 4 hereof, to Plaintiff's attorneys, and only the financial terms of the Agreement to Plaintiff's tax advisors and financial advisors.

## EXECUTION

7.

This Agreement shall become effective upon its approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or

electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

## ENTIRE RELEASE

8.

Plaintiff affirms that the only consideration for their decision to execute and their execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused them to execute the Agreement; that they have been advised to and have consulted with their attorneys regarding the terms, conditions, and the final and binding effect of this Agreement; and they understand the meaning of the Agreement and its final and binding effect.

## SEVERABILITY

9.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable. Notwithstanding the foregoing sentence, if Paragraphs 2 or 3 are found to be invalid by a Court of competent jurisdiction, the entire Agreement is invalid.

## AMENDMENTS

10.

Any modification or change to this Agreement must be made in writing and signed by all Parties.

## CONSTRUCTION

11.

The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

GOVERNING LAW

12.

This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

JURISDICTION AND VENUE

13.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in the United States District Court for the Northern District of Georgia, Atlanta Division, and all signers consent and agree to the jurisdiction of such courts and the venue of such proceedings.

The Parties further warrant and represent as follows: **I HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT INCLUDING PLAINTIFF'S WAIVER OF CLAIMS AGAINST DEFENDANTS. I HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR ORAL. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT.**

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of six (6) pages.

ACCEPTED AND AGREED BY:

By: _____
Earl McCarthy

Date: _____

HBN Media d/b/a Commissions Inc.
By: _____
Its: _Brown Hubbick - Co-CEO_
Date: _3-27-18_

Fidelity National Management Services, LLC.
By: _____
Madeline G. M. Lovejoy
Its: Assistant Vice President and Assistant Secretary
Date: _MARCH 27, 2018_

6